UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANA ROUSER, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 96-B-3383-S |
| DENNY'S, | } |
| Defendant. | } |

FILED
98 OCT -8 PM 3:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 08 1998

## MEMORANDUM OPINION

This matter is before the court on the motion for summary judgment of the defendant. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

In this suit, plaintiff alleges that during the time in which she was employed by the defendant, she was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act of 1967, as amended.

On May 4, 1998, defendant filed the motion for summary judgment presently before the court. On May 22, 1998, and because the plaintiff is proceeding *pro se*, the court directed the Clerk of Court to send plaintiff the express ten-day notice of the summary judgment rules, her right to file affidavits or other materials in opposition to summary judgment, and the consequences of default.[1] *See McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993).

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[1] On January 17, 1997, the court granted the motion of plaintiff's former attorneys to withdraw as counsel for plaintiff.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

On June 16, 1998, plaintiff filed a document with the court in response to defendant's motion for summary judgment. The conclusory statements contained in this document do not create a genuine issue of material fact for trial.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and the defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with any evidence showing a dispute as to any factual contention of the defendant. Thus, plaintiff has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for the

defendant. Consequently, the court holds that the motion of the defendant for summary judgment is due to be granted.

**DONE** this 8th day of October, 1998.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge